10L 55
11L 243

## JNO. WHITE *v.* A. B. BOWMAN *et al.*

1. PLEADINGS AND PRACTICE. *Injunction bond.* An action at law may be brought upon an injunction bond, notwithstanding the provision of section 4443 of the Code, that damages may be ascertained by the court trying the cause.

2. SAME. *Same. Parties.* The plaintiff may maintain the action in his own name where the damages were personal to him, although the injunction bond was payable to himself and others.

### FROM WASHINGTON.

Appeal in error from the Circuit Court of Washington county. N. HACKER, J.

E. C. REEVES and H. H. CARR for White.

S. J. KIRKPATRICK for Bowman.

DEADERICK, C. J., delivered the opinion of the court.

This is an action at law brought upon an injunction bond. Its conditions are to pay "all costs and damages that may be adjudged against them on the dismissal of their bill, or a dissolution of the injunction sued out in this case, or for wrongfully suing out the injunction."

The declaration sets out the names of parties in the chancery cause in which the injunction issued, and conditions of the bond, and makes profert of a copy of the bond, and avers that the injunction wrongfully restrained him from taking possession of a tract of land and kept him dispossessed thereof from June 4th to November, 1880, with crop of wheat, etc., and that the losses were occasioned by the wrongful suing out of said injunction.

The bond was payable to T. A. Faw *et al.* But plaintiff avers that he was a defendant in said chancery cause and said injunction bond enured to plaintiff in this cause. The declaration then shows said bill was dismissed, etc.

Defendants demurrered because the declaration does not show that the covenants of the bond had been broken; and second, because by the terms of said bond no action lies thereon at law; and third, the court (of law) has no jurisdiction in the case, the condition being to pay such cost and damage as the chan-

White *v.* Bowman.

cery court may award on dismissal of bill. The circuit judge sustained the demurrer and dismissed the suit, and plaintiff has appealed.

We think there is a sufficient and substantial averment that the covenants of the bond have been broken, and that upon such bond an action at law may be maintained, notwithstanding the provision in section 4442 of the Code, that damages may be ascertained by the court trying the causes. The bond stipulates not only to pay such costs and damages as may be awarded on dismissal of the bill, but also for wrongfully suing out the injunction, and this is not by its terms to be ascertained by the chancery court, but may be otherwise legally ascertained. It is for this breach, and the specified damages resulting therefrom that the action is brought. And it in substance averred that the damages from wrongfully suing out the injunction were sustained by plaintiff by keeping him out of the possession of *his* property and wrongfully depriving him of it. Such damages were personal to plaintiff. According to the declaration the other defendants had no interest therein, and could not properly join with him in the suit. He is the party aggrieved, and he is the party, under such circumstances, to sue. We are of opinion, therefore, the judgment of his Honor, the circuit judge, was erroneous, and it will be reversed and the cause remanded for further proceedings.